The document below is hereby signed.

Signed: December 4, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TERRACE MANOR, LLC, | ) | Case No. 17-00175 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

### MEMORANDUM DECISION RE OBJECTION TO PROOFS OF CLAIM OF DC WATER

The debtor has objected to the proofs of claim of the DC Water & Sewer Authority on the basis that they improperly assert that the claims are for taxes entitled to priority.  I will sustain the objection for the following reasons.

For the billing period straddling the petition date, each of the proofs of claim includes a prorated portion for the prepetition date, and thus these proofs of claim include amounts for all types of charges assessed for that billing period.  The proofs of claim also include amounts for unspecified earlier billing periods.

The objection to the proofs of claim includes a page from the claimant's website that indicates that the water bills include fees for water and sewage usage, water system

replacement, and customer meter replacement.  Such fees are not taxes.  *See In re Adams*, 40 B.R. 545, 549 (E.D. Pa. 1984) ("[W]ater rents, like sewage charges, are consensual payments for services rendered. They are in the nature of contractual obligations, rather than involuntary pecuniary burdens, and do not qualify as 'taxes' under the Bankruptcy Act.").

However, that website page also indicates that bills include amounts owed for the Clean Rivers Impervious Surface Area Charge (CRIAC):

> a sewer fee that takes into account the area on a property that is impervious, meaning surface water cannot flow through, such as buildings, asphalt, or concrete. These areas contribute to stormwater runoff and combined sewer overflows.  The CRIAC generates funds to cover the cost of the Clean Rivers Project, a $2.7 billion capital project mandated by the federal government.

The proofs of claim presumably include CRIAC amounts.  Such CRIAC amounts may be taxes, not fees.  *See DeKalb Cnty. v. United States*, 108 Fed.Cl. 681, 692 (2013), appeal dismissed, No. 13-5074 (Fed. Cir. Sept. 26, 2013).  If the CRIAC amounts *are* taxes, then as taxes based on a property owner's square footage of impervious area, the amounts arguably could  qualify as "property taxes" within the meaning of 11 U.S.C. § 507(a)(8)(B). *See In re Probulk Inc.*, No. 09-14014, 2010 WL 5376284, at *2-3 (Bankr. S.D.N.Y. Dec. 23, 2010) (granting priority status under § 507(a)(8)(B) to claim for annual tonnage taxes on vessels).  If the CRIAC amounts are property taxes, and were, as prescribed by

2

§ 507(a)(8)(B), "incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition," such amounts would enjoy an eighth level of priority under § 507(a)(8)(B).

However, the proofs of claim describe the amounts owed as amounts billed, without providing any detail regarding the amounts billed for the different categories of fees and charges. Because the fees for water and sewage usage, water system replacement, and customer meter replacement are not taxes entitled to priority, the proofs of claim are necessarily erroneous in asserting that *all* of the billed amounts are taxes entitled to priority.

Accordingly, the debtor has rebutted any prima facie validity of the proofs of claim under Fed. R. Bankr. P. 3001(f). This has shifted the burden to the claimant to show what portion of the claims is for CRIAC charges (if CRIAC charges are a property tax) and to show the extent to which, as prescribed by § 507(a)(8)(B), such charges were "incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition."

The DC Water & Sewer Authority, however, has chosen not to oppose the objection to its proofs of claim, and has not filed amended proofs of claim to set forth what portions of the claims are for CRIAC amounts.  The claimant has thus not carried its

3

burden of proof.  It follows that the objection to claim must be sustained, and the claims must be treated as general unsecured claims not entitled to priority.  An order follows.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.